Barnard, P. J.
This appeal brings up nothing but a review of the facts, of the case. The defendant’s firm employed the plaintiff's husband as an inspector and measurer of mahogany and other woods in which they dealt. As a part of this business, the woods were hauled from vessels to the yard of Constantine & Co. This carting was done by a Swede named Swade, under an agreement that half the profits of the hauling were to be given Swade for his labor. This business was kept in a separate book, and the firm’s share of the profits was carried into the general firm books. After the plaintiff’s husband died, the defendant’s bookkeeper made out the account of the partnership-with a view of arriving at the profits of the business, on which the plaintiff’s, compensation in fact rested. This account included the housing account profit. Subsequently the surving partner asserted that the housing account was not a part of the true account. There is a serious difference on thisi question between the witness Eustace, on the part of the plaintiff, and the defendant Constantine. There is no reason to question the correctness of the finding that the hauling was part of the general business. If Constantine had carted it directly and . had made a profit in this part of the business, it counted in the general total of profits. No reason is to be seen why the different mode of carting, also resulting in profit, should not go into the general business. In making up the account, the firm charged so much for the cost of the wood, and added to it cartage in excess of the real cost, and this excess was an item of profit in the business. The general declaration of *873 the plaintiff’s deceased husband that he had nothing to do with the carting-business is not very important. It fits one view as well as the other on this question. He did not have a duty as to the hauling. He was only interested in the profits of the business. The deceased husband of the plaintiff was occasionally absent from business by reason of periods of intemperance.
It can be seen from the evidence that the defendant knew of these habits, and that when a full week’s services were not rendered, it was the custom that he should only be paid for the time he actually worked. There was no discharge of the deceased, and no notice given him that any other reclamation would be made beyond this method of compensation. It was immaterial, therefore, to find any given period of absence in any year. The parties selected a way, and the evidence justifies the finding that they followed it on ocsasional absences as they happened. Although an appeal is taken from the-order granting an extra allowance, no point was taken for its reversal on this argument. The case was one of importance and involved more than usually is the case—a long and difficult examination of the partnership accounts. A great deal of time must have been required in the preparation of the case and on the trial.
The judgment and order should be affirmed, with costs.
Dykman and Pratt, JJ., concur.